IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **RICHARD WHITFIELD** | ) | **CASE NUMBER:** |
| **4616 STATE ROUTE 305,** | ) | |
| **SOUTHINGTON, OHIO 44470** | ) | **JUDGE:** |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | **CIVIL COMPLAINT** |
| VS. | ) | |
| | ) | |
| **JOHN C. WILLIAMS &** | ) | |
| **ASSOCIATES a/k/a WILLIAMS &** | ) | **JURY TRIAL DEMANDED** |
| **WILLIAMS** | ) | |
| **1612 NE EXPRESSWAY,** | ) | |
| **ATLANTA, GA 30329** | ) | |
| | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Richard Whitfield, by and through his undersigned counsel, Thomas P. Ryan, Esquire complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Richard Whitfield, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

1

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in this District.

## III.  PARTIES

4. Plaintiff, Richard Whitfield, is an adult natural person residing at 4616 State Route 305, Southington, Ohio 44470.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, John C. Williams & Associates, a/k/a Williams & Williams ("Defendant"), at all times relevant hereto, is and was a law office engaged in the business of collecting debt within the State of Ohio and the State of Georgia with its principal place of business located at 1612 NE Expressway, Atlanta, GA 30329.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

2

7. Plaintiff retained the services of the law firm of Persels & Associates, LLC approximately one year ago to help him with the settlement negotiations of his unsecured debt.

8. On or around that same time Persels sent a 'cease and desist" letter to the Plaintiff's collectors including the Defendant informing them to list Persels as the sole contact in any collection matters. **See Exhibit "A" (letter) attached hereto**.

10. Plaintiff started to receive calls from Defendant attempting to collect on an alleged debt owed to Marathon Petroleum for approximately $1,313.49.

11. On or about March 8, 2010, Plaintiff received a letter from Defendant stating that it was most unfortunate that the Plaintiff has continually allowed his account to go unpaid. **See Exhibit "B" (letter) attached hereto.**

12. Defendant's letter went on to inform the Plaintiff that if suitable arrangements to pay off the debt were not made that they may be instructed to begin litigation with the intent to obtain a judgment against him.

13. Plaintiff was told that he had seven (7) days from the receipt of the letter to make payment and that no further delays would be permitted.

14. Defendant is not registered to do business in the state of Ohio.

15. As of the filing of this complaint, there has been no judgment put against the Plaintiff.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

3

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## **COUNT I – FDCPA**

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant was attempting to collect an alleged debt, which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| | §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| | §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |

4

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, John C. Williams & Associates, a/k/a Williams & Williams, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

Date: September 21, 2010    BY: __/s/ *Thomas P. Ryan*__
                                                Thomas P. Ryan, Esquire

                                Thomas P. Ryan, Esquire
                                1370 Ontario Street
                                Suite 2000
                                Cleveland, Ohio 44113
                                Attorney for Plaintiff
                                (216) 363-6028
                                (216) 696-1718 (FAX)